J-S10025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
MICHAEL DELOE :
:
Appellant : No. 618 WDA 2023

Appeal from the PCRA Order Entered May 10, 2023
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0000369-2008

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: September 5, 2024**

Appellant, Michael Deloe, appeals from the order entered in the Washington County Court of Common Pleas, which denied as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9541.  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 14, 2008, Appellant was arrested and charged with one count each of aggravated indecent assault, indecent assault, corruption of minors, and endangering the welfare of children ("EWOC").  The charges stemmed from Appellant's November 2007 sexual assault of his then five-year-old daughter, A.D.  During the assault, Appellant showed A.D. pornographic videos, pulled down her underwear, laid on top of her with his penis on her vagina, and digitally penetrated her vagina.  On January 15, 2009, a jury found Appellant

guilty of all charges. On April 1, 2009, the trial court sentenced Appellant to 6 to 12 years' imprisonment for aggravated indecent assault of a child under the age of 13, and the court imposed consecutive sentences of 1-2 years' imprisonment for corruption of minors, and 1-2 years' imprisonment for EWOC.[1] The aggregate sentence was 8 to 16 years of incarceration.

On March 8, 2011, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Deloe*, 26 A.3d 1182 (Pa.Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal. Appellant filed his first PCRA petition on March 5, 2012, wherein he raised several claims of ineffective assistance of trial counsel. The PCRA court conducted a hearing on the petition on December 31, 2014, and ultimately denied relief on March 17, 2017. On November 9, 2018, this Court affirmed the dismissal of Appellant's first PCRA petition, and our Supreme Court denied allowance of appeal on May 14, 2019. *See Commonwealth v. Deloe*, 201 A.3d 838 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 652 Pa. 299, 208 A.3d 458 (2019).

The PCRA court explained the subsequent procedural history as follows:

> No further activity appeared on the docket for over one year, when on August 28, 2020, Attorney Daniel E. Forrest entered an appearance on [Appellant's] behalf and filed a motion to be admitted to practice in Pennsylvania *pro hac vice*. Although the petition for admission was granted by order of September 16, 2020, the second PCRA petition at

---

[1] The court imposed no penalty on the charge of indecent assault because it merged for sentencing purposes.

issue was not filed until January 21, 2021. On January 6, 2022, [Appellant] electronically filed a supplement to the second PCRA petition.

\* \* \*

On January 10, 2023, the court issued its notice, pursuant Rule 907, of intent to dismiss [Appellant's] second petition. On January 30, 2023, [Appellant] filed a response to the court's notice of intent to dismiss, but the court found that [Appellant] had failed to submit circumstances which fall within the statutory exceptions to the PCRA timeliness provisions. By order dated May 10, 2023, the [PCRA] court dismissed [Appellant's] second PCRA petition.

On May 28, 2023, [Appellant] timely filed the instant appeal to the Superior Court.

By order dated June 8, 2023, the [PCRA] court directed [Appellant] to file his concise statement of matters complained of on appeal within twenty-one (21) days thereafter.

On June 29, 2023, [Appellant] filed his concise statement of matters complained of on appeal, alleging twenty-one (21) separate claims of error. All of the claims raised in [Appellant's] concise statement allege the [PCRA] court's error in dismissing his second PCRA petition without a hearing. In his concise statement, [Appellant] did not challenge the [PCRA] court's find[ing] that his second PCRA petition had been filed untimely.

(PCRA Court Opinion, filed 8/31/23, at 6-7) (unnecessary capitalization omitted).

Appellant raises the following issues on appeal:

1. Did the [PCRA] court err when it summarily denied [Appellant's] PCRA?

- 3 -

2. Did the [Commonwealth] commit a **Brady**[2] violation and violate its statutory obligations when it failed to provide [Appellant] with a working copy of [the] forensic interview [of A.D.'s brother, An.D.]?

3. Did the trial court committed a structural *per se* error when it permitted the *voir dire* of [Victim's] competency to be conducted in the presence of the jury and trial counsel's failure to object was a violation of [Appellant's] right to effective assistance of counsel?

4. Did [Appellant] prove that he [is] actually innocent?

5. Was there newly discovered evidence presented that would have probably changed the verdict?

6. Was trial counsel ineffective?

7. Did the trial court [abuse] its discretion when it permitted the Commonwealth to invoke section 5985 of the tender years hearsay act in the middle of [Victim's] testimony and was trial counsel ineffective for his failure to object?

8. Did the cumulative errors in the case at bar warrant a vacatur of [Appellant's] conviction?

(Appellant's Brief at 9) (unnecessary capitalization omitted).[3]

---

[2] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 101 L.Ed.2d 215 (1963).

[3] In addition to the eight issues set forth in his statement of questions presented, Appellant purports to incorporate arguments from his PCRA petition related to ten additional issues, explaining that "[d]ue to the length of Appellant's PCRA, several claims were left out of this brief." (Appellant's Brief at 34 n.15). Nevertheless, Appellant's failure to include these issues in the statement of questions involved or adequately develop them in his appellate brief constitutes waiver on appeal. **See** Pa.R.A.P. 2116(a) (stating: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); Pa.R.A.P. 2119 (setting forth requirements for argument section of brief); Pa.R.A.P. 2101 (stating that this Court may find waiver where briefs fail to conform with requirements of rules
*(Footnote Continued Next Page)*

Preliminarily, the timeliness of a PCRA petition is a jurisdictional prerequisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, this Court affirmed Appellant's judgment of sentence on March 8, 2011. Appellant did not file a petition for an allowance of appeal with our Supreme Court. Appellant's judgment of sentence, therefore, became final on April 7, 2011, upon expiration of the time for seeking discretionary review with our Supreme Court. ***See*** Pa.R.A.P. 1113(a) (stating: "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court"). Therefore, Appellant's current PCRA petition filed on January 21, 2021, is facially

---

and defects are substantial). ***See also Commonwealth v. Briggs***, 608 Pa. 430, 515, 12 A.3d 291, 343 (2011) (explaining that "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief").

untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 638 Pa. 687, 704, 158

A.3d 618, 629 (2017) (internal citation and quotation marks omitted). In other words, the fact that a petitioner has "discovered yet another conduit" for the same claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa.Super. 2020) (*en banc*), *appeal denied*, 663 Pa. 511, 242 A.3d 1290 (2020) (quoting **Commonwealth v. Marshall**, 596 Pa. 587, 597, 947 A.2d 714, 720 (2008)).

"The proper question with respect to [the government interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." **Commonwealth v. Chimenti**, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). Where a petitioner's allegation of governmental interference is based on an alleged **Brady** violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [allegedly withheld evidence], and whether Appellant was duly diligent in seeking [that evidence]." **Commonwealth v. Stokes**, 598 Pa. 574, 581, 959 A.2d 306, 310 (2008).

Here, Appellant asserts that he has satisfied the newly-discovered fact and governmental interference exceptions to the PCRA's time-bar. Specifically, he insists that a video of An.D.'s forensic interview, which was not viewable at the time of trial, but later made viewable with the assistance

of a transcribing company, together with the testimony of his cousin and ex-girlfriend, and the opinions of expert witnesses who reviewed the evidence, constitute newly-discovered facts, which he claims show that he did not sexually assault A.D. In addition, Appellant asserts that the Commonwealth's alleged failure to disclose the video of the interview constitutes governmental interference. Specifically, Appellant claims that he only received a copy of the video when PCRA counsel requested a copy in 2019, and he did not discover the contents of the video until June 2020, after obtaining the help of a transcribing company. Appellant insists that the videotaped interview contains exculpatory evidence that shows that the trial testimony of both A.D. and An.D. was false.

In considering whether Appellant met the proffered time-bar exceptions, the PCRA court explained:

> In attempting to overcome the time bar to the PCRA court's jurisdiction of this petition, [Appellant] raises the statutory exceptions of governmental interference and newly discovered evidence. However, [Appellant] has failed to plead and prove that his failure to present the claim in a timely manner was a result of interference by the Commonwealth, and that the newly discovered evidence was otherwise unknown to him and could not have been ascertained by the exercise of due diligence, as required under 42 Pa.C.S.A. § 9545(b)(1)[(i) and](ii).
>
> The PCRA court does **not** find that the items which [Appellant] characterizes as "newly discovered" evidence were unknown to [Appellant] previously and … could [not] have … been ascertained by the exercise of due diligence:
>
> a) The affidavit of B.D., a cousin to [Appellant] and the victim, dated January 20, 2020, which claims that the

- 8 -

victim's brother An.D. molested him when he was four years old, fourteen years prior to the affidavit. [Appellant] makes no averment how this information was not available to him previously or how it could not have been discovered previously through the exercise of due diligence.

b) The videotape of the forensic interview of An.D., the victim's brother, who was nine years old at the time. Although [Appellant] claims that this videotape was not turned over at trial, citing the trial transcript, in the affidavit of his current counsel, Daniel E. Forrest, Esq., Exhibit C, it is stated that counsel requested the "District Attorney's Office provide me with their discovery file for this case" which he received on November 19, 2019, which included a DVD marked "An.D. 12/10/07." Counsel further admitted that, although initially he had difficulty viewing the video, he waited nearly 7 months before consulting a reporting service which was able to convert the file to a readable format "within 10 minutes of time." The PRCA court does not find sufficient evidence to support the allegation that this video was not provided in discovery contemporaneously with the trial, or that it could not have been reviewed in timely manner through the exercise of due diligence, and therefore, it cannot be deemed "newly discovered evidence." In any case, after receiving the DVD video in question, [Appellant] waited for over one year before raising this claim.

c) The expert report of Dr. Mark L. Taff, M.D., Forensic Pathologist, dated June 2, 2020, challenging the physical evidence or lack thereof in support of the child victim's claim of sexual assault, admittedly could have been presented long before the instant PCRA proceeding. Although Dr. Taff summarizes his report by concluding that "the allegation of sex abuse in this case can neither be confirmed nor negated by the physical examination and laboratory tests conducted on the complainant and [Appellant]," the defense could have attempted to introduce similar expert testimony during the trial or connection with [Appellant's] first PCRA petition but did not. Moreover, the Commonwealth's witnesses including the emergency room physician and Sexual Assault Nurse Examiner ("SANE") Kathryn Dames testified of the lack of physical trauma to the child victim and that they were not able to "rule in or rule out" sexual assault. The

expert report of Dr. Taff is by no means "newly discovered evidence." This claim is untimely and has been waived.

d) The expert report of Dr. Maggie Bruck, Ph.D., dated September 11, 2020, which concludes that the child victim's testimony "was unreliable at the forensic interview, at the preliminary hearing and at the criminal trial." This expert report is by no means "newly discovered evidence," and would have been inadmissible in any case as an attempt to usurp the jury's sole province of assessing the credibility of [a] witness. *See also* 42 Pa.C.S.A. § [5920(b)(3) (explaining that expert witness's opinion in criminal sex assault case regarding credibility of any other witness, including victim, shall not be admissible)].

e) The expert report of Dr. David San Pietro, Ph.D. which opines that the DNA evidence collected from the child victim's panties did not match [Appellant], is cumulative and consistent with the DNA evidence produced by the Commonwealth and presented to the jury. The DNA analysis performed by the Pennsylvania State Police Bureau of Forensic Services, to which [Appellant] voluntarily submitted, compared the profile of a blood sample of [Appellant] to the DNA profile recovered from the child victim's panties, and the test revealed that [Appellant's] DNA profile did not match the DNA profile obtained from the victim. Dr. San Pietro's expert report is by no means "newly discovered evidence."

f) [Appellant's] bald allegation that the Commonwealth submitted false testimony through the child victim, her 9-year-old brother An.D., and through the [SANE] Kathryn Dames is based on his own interpretation and assessment of the testimony, and not supported by the record. The child witnesses and the Nurse Examiner testified at trial and were subject to cross-examination by trial counsel. The jury chose to believe the child victim's testimony, despite the lack of DNA evidence and the conflicting testimony of other adults. Included in this evidence was the testimony of Amanda Kearn, [Appellant's] ex-girlfriend who testified that she was present at the time of the incident and "categorically denied...the allegations that were made against [Appellant]." The fact that the jury did not credit the lucid testimony of a dissociated witness over the

testimony of a 6-year old victim, makes it unlikely that they would have credited the alleged impeachment evidence. ***Commonwealth v. Hunzer***, 868 A.2d 498, 512 (Pa.Super. 2005)[, *appeal denied*, 584 Pa. 673, 880 A.2d 1237 (2005)] (noting that "jurors are likely to suspect that...testimony of child witnesses in general, and child victims of sexual assaults in particular, may be distorted by fantasy, exaggeration, suggestion, or decay of the original memory of the event") (citations omitted). It certainly does not establish with "a reasonable probability that the outcome of the proceedings would have been different" had the child witnesses and Ms. Dames been confronted with the alleged inconsistencies. [Appellant's] characterization of the alleged impeachment evidence is vastly overstated.

Finally, the PCRA court finds [Appellant's] reliance on the recent case of ***Commonwealth v. Bradley***, ___ Pa. ___, 261 A.3d 381 (2021), in support of his second petition to be misplaced. While the Pennsylvania Supreme Court specifically authorized a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, it did not expand the statutory time limitations under the Act. The Supreme Court expressly declined to condone [a petitioner's] strategy in this matter, and allow claims of discovery of prior counsel's ineffectiveness to be treated as newly discovered evidence.

\* \* \*

Since [Appellant] has failed to plead and prove that his failure to present the claims in a timely manner was a result of interference by the Commonwealth, or prove that what he characterizes as newly discovered evidence is actually new evidence that was otherwise unknown to him and could not have been ascertained by the exercise of due diligence, as required under 42 Pa.C.S.A. § 9545(b)(1)[(i) and] (ii), his second PCRA petition before the court is untimely and should be dismissed.

(PCRA Court Opinion, filed 1/9/23, at 7-11) (emphasis in original; footnotes omitted).

Our review record supports the PCRA court's conclusion that Appellant has failed to prove a timeliness exception. ***See Chimenti, supra***; ***Brown, supra***. Therefore, Appellant's current petition remains time-barred and the PCRA court lacked jurisdiction to review it. ***See Robinson, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

9/5/2024